IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WALTER BURTON**     **PETITIONER**

**V.**     **CIVIL ACTION NO. 3:21CV440 KHJ-LGI**

**WARDEN SHELBY**     **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

    Walter Burton seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent asserts that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996. Alternatively, Respondent argues that Petitioner's claims are procedurally defaulted for failure to exhaust administrative remedies. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

    Nearly ten years ago, Burton entered a guilty plea to capital murder in the Rankin County Circuit Court. He was sentenced on October 22, 2012, to life without the possibility of parole in the custody of the Mississippi Department of Corrections ("MDOC"). Burton did not pursue state post-conviction relief following his conviction.

    The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, *Sanders v. Cabana*, No. 2:04CV273-P-A, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101 (Supp. 2009)[1] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty. As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burrough v. State*, 9 So. 3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

Burton entered his guilty plea after the effective date of the amendment. As such, he cannot be credited with the 30-day period for direct appeal granted to petitioners who pled guilty prior to July 1, 2008. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Burton's conviction therefore became final on October 22, 2012, the date he was sentenced by the trial court. To toll the statute of limitations, he was required to file a motion for post-conviction collateral relief in state court on or before October 22, 2013.

---

[1] Miss. Code. Ann. § 99-35-101 provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

Because Burton did not file a state post-conviction motion prior to that date, AEDPA's statute of limitations period ran uninterrupted from October 22, 2012, through October 22, 2013. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). Absent statutory or equitable tolling, his federal habeas petition filed on June 24, 2021, nearly 8 years after the statute of limitations expired, is untimely.

Burton does not deny that his petition is untimely, and he has filed no response or otherwise challenged the motion to dismiss. He has thus failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations.

Rather, Burton maintains throughout his petition that he is actually innocent of the crime for which he pled guilty. Liberally construed, he asserts, *inter alia*, a lack of probable cause to warrant his arrest and ineffective assistance of counsel during the sentencing phase.[2] However, actual innocence itself is not a free-standing ground for habeas corpus relief. *Floyd v. Vannoy*, 894 F.3d 143, 155-58 (5th Cir. 2018), *cert. denied*, 139 S.Ct. 573 (2018); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*

---

[2] To the extent Burton argues that he received an "illegal sentence," courts in this district have held that there is no such exception to AEDPA's limitations period. *See, e.g., Mitchum v. Hall*, No. 3:18CV572-DPJ-RHW, 2019 WL 41483849, at *4 (S.D. Miss. June 5, 2019), *report and recommendation adopted*, No. 3:18-CV-572-DPJ-RHW, 2019 WL 4145231 (S.D. Miss. Aug. 30, 2019); *Venezia v. Hall*, No. 2:19CV19-KS-MTP, 2019 WL 4072402, at *3 (S.D. Miss. June 5, 2019), *report and recommendation adopted*, No. 2:19-CV-19-KS-MTP, 2019 WL 4060347 (S.D. Miss. Aug. 28, 2019).

*v. Collins*, 506 U.S. 390, 404 (1993).  To overcome the expiration of the AEDPA statute of limitations by showing actual innocence, a petitioner must: (1) present "new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial;" and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Burton has not met this high burden here.  Apart from asserting his innocence, he has not presented any new, reliable evidence to this Court to demonstrate more likely than not that a reasonable juror would not have convicted him had his actual innocence claims been presented at trial.  Nor has he shown that no reasonable juror would have convicted him based on "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial."  *Stephens*, 739 F.3d 763, 767.

None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations.  Because the instant petition was filed well after the federal statute of limitations expired, the undersigned finds that Petitioner's habeas petition is time-barred and recommends that it be dismissed with prejudice.  Because the Court so finds, it need not address Petitioner's failure to exhaust state court remedies and procedural default.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court¸ except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on December 9, 2021.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
